2014 VT 4



State v. Nugent
(2013-078)

 

2014 VT 4

 

[Filed 10-Jan-2014]

 

NOTICE:  This opinion is
subject to motions for reargument under V.R.A.P. 40
as well as formal revision before publication in the Vermont Reports. 
Readers are requested to notify the Reporter of Decisions by email at:
JUD.Reporter@state.vt.us or by mail at: Vermont Supreme Court, 109 State
Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections
may be made before this opinion goes to press.

 

 


 2014 VT 4
 
  


 No. 2013-078
 
  


 State of Vermont 
 
 
 Supreme Court
 
 
  
 
 
  
 
 
  
 
 
 On Appeal from
 
 
      v.
 
 
 Superior Court, Essex Unit,
 
 
  
 
 
 Criminal Division
 
 
  
 
 
  
 
 
 Edward Nugent
 
 
 November Term, 2013
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Mary
 Miles Teachout, J.
 
 
  
 
 Greg Nagurney, Department of
State’s Attorneys, Montpelier, and Vincent Illuzzi,
Essex County

  State’s Attorney, Orleans, for
Plaintiff-Appellant.

 

David C. Sleigh and Kyle L. Hatt of Sleigh Law, St. Johnsbury,
for Defendant-Appellee.

 

 

PRESENT:  Reiber, C.J.,
Dooley, Skoglund, Robinson and Crawford, JJ.

 

 

¶ 1.           REIBER,
C.J.   The State of Vermont appeals from the trial court’s grant
of defendant’s motion for judgment as a matter of law on his civil driver’s
license suspension.  The trial court held that the State did not prove by
a preponderance of the evidence that defendant’s blood alcohol concentration
(BAC) was 0.08 or above at the time he operated a motor vehicle.  We
affirm the trial court’s decision.

¶
2.          
The facts are uncontested.  On October 6, 2012, at 7 p.m., several
witnesses observed as defendant drove his truck off the road at a curve on
Route 2 in Lunenburg, Vermont.  The truck was flung across a lawn and over
an embankment, managing to knock over a large tree before coming to rest on its
side in water.  The officer who arrived on scene observed that defendant
appeared moderately impaired.  Defendant told the officer that he had one
beer between 4:30 and 5 p.m., and nothing to drink during the thirty minutes
before the crash or afterward.  Defendant was taken to the hospital, where
a blood test administered at 9:19 p.m. showed a blood alcohol level of 0.137 percent.


¶
3.          
The State initiated a civil license suspension proceeding, and a hearing
was held on January 17, 2013.  Because the police tested defendant’s BAC
more than two hours after the time of operation, the State was required to
prove through relation-back evidence that defendant’s BAC was over the legal
limit while he was driving.  See 23 V.S.A. § 1205(n) (stating that a
person’s BAC will be presumed to have been over the legal limit while driving
if the person’s BAC was over the legal limit within two hours of
driving).  

¶
4.          
The State’s expert submitted an affidavit and also testified in person that, based on her calculations relating the BAC level taken
at the hospital back to the time of the accident, defendant’s BAC at the time
of operation was 0.172.  Defendant objected to the admission of the
expert’s testimony under Vermont Rule of Evidence 702, arguing that her
relation-back calculation methods did not conform to minimum scientific
standards and that her estimate was not to a reasonable degree of scientific
reliability.  The court took defendant’s objection under advisement.  On
cross-examination, defendant questioned the assumptions involved in the
expert’s calculation, especially the assumption that the alcohol elimination
rate was 0.015 percent per hour, on the grounds that elimination rates vary
between individuals and the expert could only speculate as to defendant’s
elimination rate.    

¶
5.          
The court issued its decision on January 29, 2013.  It first ruled
that the expert’s affidavit and testimony were admissible under the liberal
evidentiary rules for civil suspension hearings.  See V.R.C.P. 80.5(f)(3) (“Evidence is admissible if it is of a type commonly
relied upon by reasonably prudent persons in the conduct of their
affairs . . . .”).  Further, the court noted that the
affidavit “provides prima facie evidence that the test results were accurately
evaluated,” citing 23 V.S.A. § 1205(h)(1)(D). 
However, the court ultimately ruled that “the weight of [the expert’s] opinion
is insufficient for the Court to adopt her calculation as establishing BAC at
time of operation.”  The court reasoned as follows:

If
0.015/hr is one rate that occurs on a spectrum, what
is the full variation of the spectrum, and where on that spectrum does 0.015
fall?  Is it just barely below the mean, so that 51% of people eliminate
faster than that, or is it toward the end of the spectrum so that 95% of people
eliminate faster than that?  Alternatively, if elimination rates used by
other experts were applied to the facts of this case, would they also show that
[defendant’s] BAC was 0.08% or more at the time of operation?  While [the
expert] may have credible answers to these questions, the answers were not
elicited at the hearing. 

 

¶
6.          
The court thus granted defendant’s motion for judgment as a matter of
law*
and denied the State’s motion to reopen evidence.  The State now appeals,
arguing that the trial court erred in concluding that the evidence was insufficient
for the State to meet its burden by a preponderance of the evidence.

¶
7.          
As an initial matter, there is a dispute regarding the standard of
review.  The State argues that whether the preponderance standard was met
is a question of law that we review de novo.  In the case cited by the
State, however, we interpreted a statutory provision: whether a reliable second
BAC test was a necessary element of the civil suspension procedure.  State
v. Spooner, 2012 VT 90, ¶ 14, 192 Vt. 465, 60 A.3d
640.  In the same case, we also noted that “[u]nder
the civil-suspension statute, a trial court is expressly authorized to consider
the reliability of testing procedures and the accuracy of results. 
Whether a test is reliable or accurate is a factual finding.”  Id.
¶ 11 (citing 23 V.S.A. § 1205(h)(1)(D)). 
Therefore, the trial court’s determination of reliability was not a question of
law, but rather a question of fact which we review “for clear error, recognizing
that the trier-of-fact is in the best position to determine the weight and
sufficiency of the evidence presented.”  Id. (quotation
omitted).  

¶
8.          
Here, the trial court found the expert’s calculation to be unreliable
because her assumed alcohol elimination rate of 0.015 percent per hour was
speculative.  The trial court’s conclusion was supported by the expert’s
testimony, in which she conceded that the elimination rate varies by individual
and that she had no scientifically principled way of distinguishing between her
assumed elimination rate and different elimination rates offered by other
experts in the field.  The court emphasized, and we agree, that although
“0.015 is commonly used as a rate, and the [court] has probably heard it supported
in other hearings,” there nonetheless must be “a solid scientific basis” for
its use in individual cases.  

¶
9.          
The expert testified, and the State argues on appeal, that the expert’s assumption
regarding the elimination rate was reasonable because a majority of people
eliminate alcohol faster than 0.015 per hour.  The expert’s assumption may
well have been reasonable.  We can even imagine that, considering
defendant’s high BAC reading and the circumstances surrounding the accident,
the expert might reasonably have testified that it was highly unlikely for
defendant’s BAC to have been below 0.08 while he was driving.  

¶
10.      
In reality, however, the expert offered no credible reason why her
assumed elimination rate was reliable as applied to defendant, nor did she
testify as to the likelihood that defendant’s BAC was below 0.08 while
driving.  Given these gaps in the expert’s logic, the trial court’s
reliability finding was not error, much less clear error.

Affirmed.  


  
  
 
 
  
 
 
 FOR THE
 COURT:
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
  
 
 
 Chief Justice
 
  











* Although framed as a
judgment as a matter of law, the court’s decision rested on its factual
determination that the expert’s opinion was not sufficiently reliable to prove
that defendant’s BAC was 0.08 or more at the time of operation. 
Therefore, the court’s ruling is more properly characterized as a decision on
the merits.